JAMES E. RILEY AND FRANK B. JOHNSON, PLAINTIFFS
IN ERROR, V. BENJAMIN MELQUIST, DEFENDANT IN
ERROR.

1. Verdict. Where there is substantial support to a verdict by
   the evidence, the finding of the jury will not be disturbed. A.
   & N. Railroad Company v. Jones, 9 Neb., 67.

2. Trial: FRAUD. Questions of fraud are for the jury to determine,
   in the light of the circumstances surrounding the transaction
   complained of, as shown by the testimony.

3. Instructions given and refused, examined, and no prejudicial
   error found.

ERROR to the district court for Douglas county.

On trial below before NEVILLE, J., the court gave,
among others, the following instructions to the jury, to
which defendants [plaintiffs in error] excepted:

1. The plaintiff sues to recover the sum of five hundred dollars, alleged to be due plaintiff from defendant as a balance due upon the assignment of a certain contract with the city of Omaha.

2. The defendant answers and alleges that he took an assignment of the contract alleged in the petition of plaintiff, but also alleges that the plaintiff in that assignment guaranteed that the curbing and guttering stone to be used under said contract with the city, so assigned, should be furnished by the U. P. Company at certain figures, and in default of said company to furnish said stone at said figures, then the plaintiff Melquist agreed, upon notice of such failure, to either furnish said stone at said figures or pay whatever extra sum said Riley should be compelled to pay for said stone. And the defendant further says that he has been compelled to pay an extra sum, and asks to offset his damages against the $500 claimed to be due on the assignment, and asks judgment against plaintiff for a balance.

3. The plaintiff replies and says that the parts of the contract of assignment which contain the guarantee of prices of stone were not read to plaintiff by defendant when plaintiff signed the same. That plaintiff relied upon defendant to read said contract, and that defendant practiced a fraud upon him, and that plaintiff did not read the contract of assignment himself.

4. You are instructed that fraud cannot be presumed in this case, but must be proven by a preponderance of evidence by the party alleging the fraud before you can find in his favor.

6. If you are satisfied from the evidence that Riley failed to read the guarantee part of said articles of assignment, and thereby intentionally deceived the plaintiff, and plaintiff relied upon said reading as correct, and did not know that the assignment contained said guarantee, or should contain said guarantee, and was thereby deceived

and induced to sign said assignment when otherwise plaint-
iff would not have so signed said assignment, then you
may be justified in, and should disregard defendant's claim
on account of said guarantee, and your verdict should be
for plaintiff for the $500, with interest from the date it
was payable, at seven per cent per annum, to the first day
day of this term.

7.    On the contrary, if you are not satisfied by the evi-
dence that the defendant Riley intentionally omitted to
read the guarantee parts of said papers constituting the
assignment, then the presumption is that Riley read the
whole of the contract, and you should find for defendant.
And if beyond this you are satisfied that Riley read to
plaintiff in his hearing the guarantee parts of said assign-
ment, before the signing of the same, and that the parties
plaintiff and defendant intended to sign an assignment with
such guarantee as the same does contain, then you must
find for defendant.    And still further, if you are satisfied
from the evidence that Riley read all the guarantee parts
of said contract to and in the hearing of plaintiff, and
plaintiff signed said assignment, without informing him-
self as to the meaning of the guarantee terms, and defend-
ant Riley intended no fraud on plaintiff, then you should
find for defendants, as plaintiff should not have so signed
without being informed, and should suffer his own error.

And defendants below asked the court to give instruc-
tions on their behalf, which the court refused to do, as
follows:

1.    The plaintiff, Benjamin Melquist, sues defendants in
this case for the sum of $500 alleged to be due plaint-
iff for assigning defendants a certain contract which had been
previously entered into by plaintiff with the city of Omaha
for curbing and guttering a part of Ninth street, for which
assignment, plaintiff says, defendants agreed to pay the sum
of $1,000, one-half of which was paid at the time of the
making of the assignment, and the remaining $500 were

to be paid when said work should be completed and accepted by said city.

2.   The defendants, answering, admit that they entered into the agreement set forth in plaintiff's petition, and admit the said $500 sued for has not been paid, but the defendants further say that the assignment referred to in plaintiff's petition was in writing; that by the terms thereof, in consideration of said $1,000 to be paid to plaintiff as above stated, plaintiff, as an inducement to defendant to take an assignment of said contract with the said city, represented and guaranteed to the defendants that certain stone necessary to be used in the curbing and guttering of said Ninth street, and known as curb-stone and parking curb, could be purchased on board the cars at Omaha at the rate of 25 cents and 18 cents per lineal foot respectively, and in the event of defendants being unable to get said stone at said guaranteed prices, the plaintiff, on notice thereof, would either furnish said stone at said prices, or pay back to defendants whatever said stone should cost them in excess of said guaranteed prices.    Defendants further say that they could not get said stone at said guaranteed prices, of which they gave plaintiff due notice, who declined, neglected, and refused to furnish said stone according to his said agreement; that said stone cost defendants in the aggregate $2,057 in excess of the said guaranteed price; that no part of this sum has been paid back to defendants, and defendants ask that said sum be set off against plaintiff's demand of $500, and for judgment against plaintiff for the difference, to-wit: the sum of $1,557.

3.   The plaintiff, replying to defendants' answer, admits that he signed the contract of assignment, containing the stipulations and guarantees as to prices at which stone could be purchased, as in said answer alleged, but says that his signature to said contract of assignment, being the paper bearing date March 24, 1884, offered in evidence

and marked Exhibit "A," containing the said guarantee as to prices at which the said stone could be purchased, was procured through a fraud perpetrated upon him by the defendant Riley, who, in reading to the plaintiff said contract of assignment, intentionally, willfully, and for the purpose of cheating plaintiff, omitted to read those parts of said contract containing the said guarantee as to price. That the said part of said contract of assignment so omitted consisted of the following words, to-wit: "That curbstone will be furnished F. O. B., Omaha, for 25 cents per lineal foot, and parking curb not to exceed 18 cents per lineal foot;" also the following words, to-wit: "That it is mutually understood and agreed that in case the said stone curb and parking curb are not furnished by the U. P. Railroad Co. for the prices above mentioned, we shall furnish the same to said Riley and Co., or pay them the difference in case they have to pay more for the material needed."

4. You are instructed that the plaintiff must make out his case by a preponderance of evidence before you can find in his favor, and if the evidence in your judgment is equally balanced, you should find for defendants.

5. The jury are instructed that in this case it is the presumption of the law that when the defendant, James E. Riley, read the papers or contracts offered in evidence, and marked Exhibits A and B, he read them correctly, and in full, and he is entitled to the benefit of such presumption as a matter of evidence, until it is clearly overthrown by proof.

6. The jury are instructed that the law places the burden of proof upon the plaintiff to establish the fraud which he alleges defendants perpetrated against him in getting his signature to the contracts or papers offered in evidence, marked Exhibits A and B, and that before he can recover from defendants he must clearly prove such fraud by a preponderance of evidence.

· 7. If the jury believe from the evidence that the contracts or papers put in evidence, marked Exhibits A and B, were read in full and correctly, by the defendant, James E. Riley, and after such reading, the plaintiff signed the same, he is legally bound thereby, and the defendants are entitled to a verdict in their favor, upon their counter-claim; provided it also appears from the evidence, that defendants gave plaintiff notice of their inability to get said stone at the guaranteed prices; that plaintiff has since declined and refused to furnish said stone, and has not paid the defendants the difference between the actual cost thereof, and what they would have cost at the guaranteed prices.

9. If the jury find for the plaintiff at all, it must be on the ground that defendants perpetrated the fraud charged and complained of by the plaintiff. They will not be warranted in finding for plaintiff on a supposition or surmise that defendants perpetrated some other or different fraud from that charged.

*J. T. Moriarty* and *W. S. Shoemaker*, for plaintiffs in error, on admission of evidence, cited: *Xenia Bank v. Stewart*, 114 U. S., 224, 231. *Nicholson v. Waful*, 70 N. Y., 604. *Baird v. Gillett*, 47 Id., 186. On instructions given. *S. C. R. R. v. Brown*, 13 Neb., 317. *B. & M. R. R. v. Schluntz*, 14 Id., 421. *Dassler v. Wisley*, 32 Mo., 498. *Bradshaw v. Wayfield*, 24 Tex., 482.·

*Congdon, Clarkson & Hunt* and *N. J. Burnham*, for defendant in error, cited: *Cole Bros. v. Williams*, 12 Neb., 440. *Fitzgerald v. Fitzgerald*, 16 Id., 414. *Monteith v. Bax*, 4 Neb., 166. *Winchester v. Charter*, 102 Mass., 276.

REESE, CH. J.

This action was instituted in the county court of Douglas county. Upon trial a judgment was rendered in favor

of defendant in error, plaintiff there, from which plaintiffs in error appealed. The cause was tried in the district court, resulting in a similar judgment; and defendants now bring the cause to this court by proceedings in error. It is alleged in the petition that defendant in error, who was plaintiff below, entered into a contract with the city of Omaha, for curbing and guttering a portion of Ninth street in said city, and that on the 29th of March, 1884, in consideration of $1,000, he assigned his contract to plaintiffs in error. Five hundred dollars of the consideration was paid in cash, the other $500 to be paid when the contract was completed, and accepted by the city. It is alleged that the work was completed and accepted on the 1st of October, 1884, but that plaintiffs in error had refused to pay the unpaid part of the purchase price of the contract. By the answer, the assignment of the contract to plaintiffs in error is admitted, but it is alleged that, as an inducement to plaintiffs in error to take an assignment of the contract, defendant in error represented and guaranteed to them that certain stone to be used for curbing and guttering could be purchased in Omaha at the rate of 18 cents per lineal foot, for what is called park curbing, and 25 cents for curb-stone; and that in case said stone could not be purchased for such prices, defendant in error would furnish the same or pay to plaintiffs in error the difference, in case they had to pay more; and that, relying upon said guarantee, plaintiffs in error took the assignment and entered upon the contract. But that they were unable to purchase the stone at the prices named, and upon notice to defendant in error he failed to furnish the same, and that they were compelled to pay a greater price, by which they were damaged in the sum of $2,057, which they sought to set off against plaintiff's demand. It is alleged that the assignment was made on the 24th of March, 1884, a copy of which alleged assignment is attached to the answer as an exhibit, and is as follows:

"Omaha, Neb., March 24, 1884. In consideration of one dollar to us in hand paid by J. E. Riley & Co., of Omaha, Nebraska, the receipt of which is hereby acknowledged, we hereby agree to sell, transfer, and assign to the said Riley & Co. the contract awarded to us, for curbing and guttering Ninth street, city of Omaha, for the sum of one thousand dollars ($1,000), one-half cash, and one-half when contract is completed (and paid for), and we hereby guarantee that curb-stone will be furnished, F. O. B., Omaha, for 25 cents per lineal foot, and parking curb at a price not to exceed 18 cents per lineal foot. It is mutually agreed and understood that in case the said stone (curb and parking curb) are not furnished by the U. P. R. R. Co. for the prices above mentioned, we shall furnish the same to the said Riley & Co., or pay them the difference, in case they have to pay more for the material needed.

"BENJ. MELQUIST & CO."

To this answer a reply was filed, by which defendant in error alleged that he did sign the agreement with plaintiffs in error, dated March 24, 1884, but that his signature thereto was obtained by fraud and misrepresentation on the part of plaintiffs in error; that the same was written by plaintiffs in error and pretended to be read to him by them, and that he trusted to the true and correct reading of the contents by plaintiffs in error, but that in reading the same, plaintiffs in error intentionally omitted and avoided reading 'that part referring to the guarantee of prices; that he had no knowledge at that time of the meaning of the letters "F. O. B." (free on board), and that the contract was not consummated until the 29th day of the same month, when another assignment and written contract was entered into between them; that at that time plaintiffs in error presented a contract containing substantially the same guarantee, which defendant in error refused to sign; that said contract was then destroyed and another

one written by plaintiffs in error, in which a reference was made to certain other agreements before that time entered into, but that the contract was prepared and signed in a hurry, was read to defendant in error by plaintiffs in error, and in the reading of which plaintiffs in error again omitted the reference to the prior agreements. The assignment and contract made upon the 29th of March, was as follows:

"Omaha, Neb., March 29th, 1884. In consideration of one dollar, to me in hand paid by J. E. Riley & Co., the receipt of which is hereby acknowledged, I hereby sell, assign, transfer, and deliver to said J. E. Riley & Co., a certain contract awarded to me by the city of Omaha, Feb. 29th, 1884, and the said Riley & Co. are hereby entitled to all emoluments and profits arising under the said contract, by whomsoever prosecuted.

"This assignment is made agreeable and in conformity to certain other agreements heretofore entered into with reference thereto, in which are stipulated considerations of transfer, time of payment, etc., which, when such payment has been made, and suitable bond executed and delivered, I agree to place the said Riley & Co. in the full possession of the said contract, with full power to go on and prosecute the said work, without hindrance, to completion.

"BENJAMIN MELQUIST.

"F. B. JOHNSON, Witness to signature."

The questions involved in the case before us are, to a great extent, questions of fact, peculiarly for the jury to determine, and as has been often said, we cannot undertake a re-examination of questions of fact upon conflicting testimony. The jury, by their verdict, have said that the theory presented by plaintiff below was the correct one, and with their finding we cannot interfere. This may have been upon the idea or theory that the first assignment, dated March 24th, was obtained by fraud, and did not represent the actual contract, or that the contract was in fact not made

until the 29th, and that the agreement of the 29th super-seded that of the 24th.    In either case, the verdict would have to stand.

Some objections are made to the rulings of the trial court, in the admission and rejection of testimony, which we will briefly notice.    It is shown by the evidence that there was considerable of conversation between the parties to the suit, prior to the execution of the assignment, as to the probable cost of stone in Omaha.    That both parties filed bids with the board of public works upon this proposed improvement.

The bid of defendant in error being for "curbing, furnishing, and setting, per lineal foot, $1.19."    For " Two foot gutter and six inch park curbing, per lineal foot, $1.10," to be made of Colorado sandstone.    For the same material, plaintiffs in error filed a bid of $1.29 and $1.54, respectively.    There appears to have been ample testimony introduced that, at the time of making of the bids, and at the time of the subsequent assignment of this contract to plaintiffs in error, both parties were acquainted with the cost of stone, and that they together went to the office of the general freight agent of the Union Pacific Railroad Company and inquired as to prices.    This latter testimony was introduced by defendant in error, of which plaintiffs in error now complain.    It is claimed that this testimony was ir-relevant and incompetent, because it was not shown that the freight agent nor the telegraph operator, to whom reference is made, knew anything about the prices of stone.    Conversations with the general freight agent were had in the presence of plaintiff and defendants.    In that conversation they were referred to the telegraph operator, who had received a telegram from the superintendent of quarries, in Colorado, giving prices of stone at the quarries.    By this the knowledge of the parties was shown of the impossibility to furnish stone in Omaha at the prices named in the agreement made March 24th.    As bearing upon the

question of deception, and as sustaining the theory of the case as presented by defendant in error, such testimony was competent.

A number of exceptions of the same character are strongly urged upon the consideration of this court. We have carefully read the briefs and the whole record, and must dismiss this part of the case with the statement that we have been unable to find any such prejudicial error in the record, as would require a reversal of the judgment.

Objection is made to instructions given to the jury by the court, and to the court's refusal to give those asked by plaintiffs in error. There were nine instructions given by the court, on its own motion. Seven of these are now·attacked as having been erroneously given. Plaintiffs in error presented ten instructions, none of which were given. The rulings of the court, in refusing to give eight of which, are now assigned for error. It must be apparent that a separate examination and discussion of each of these instructions cannot be here entered upon without extending this opinion to an unreasonable length, and it must be omitted. These instructions have been carefully read and examined in the consultation room, by all the members of the court, and it is agreed that no error which calls for the reversal of the case is found. The instructions given by the court on its own motion fairly and reasonably presented the case to the jury, by the application of proper legal rules to the evidence. The issues involved in the case, which were few, were sufficiently stated. When taken as a whole, no valid objection can be found to them. Those requested by plaintiffs in error were more elaborate and covered the same ground, and while they might have all been given without violating any legal rule, yet they would have left the case in substantially the same condition as it was when submitted to the jury.

It is insisted that the verdict of the jury is against the clear weight of evidence. In support of this contention,

quite a logical argument is presented by counsel for plaintiffs in error, but upon a careful examination of the whole case we cannot so hold.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.